FILED

MAY 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SPACE DATA CORPORATION, Plaintiff-Appellant, v. HOSIE RICE, LLP, Defendant-Appellee. | No. 21-15977 D.C. No. 4:20-cv-08256-JSW MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted April 11, 2022
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and MORRIS,** District Judge.

This appeal arises out of an arbitration dispute between Space Data Corporation ("Space Data") and its former counsel, Hosie Rice, LLP. Space Data appeals the district court's denial of Space Data's petition for vacatur of the arbitration Final Award. We have jurisdiction under 9 U.S.C. § 16(a)(1)(D) and 28

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

U.S.C. § 1291 and affirm the district court's confirmation of the Final Award.

Under 9 U.S.C. § 9, an arbitration award may only be "vacated, modified, or corrected as prescribed in" 9 U.S.C. § 10 or § 11. As relevant here, the award should be vacated if "the arbitrator[] exceeded [her] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). An arbitrator exceeds her "powers in this regard not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of [the] law." *Biller v. Toyota Motor Corp.*, 668 F.3d 655, 665 (9th Cir. 2012) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003)). In reviewing "a district court's decision confirming an arbitration award," we "accept findings of fact that are not clearly erroneous [and] decide questions of law de novo." *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1165–66 (9th Cir. 2019) (cleaned up).

First, the district court did not commit clear error in finding that the Arbitrator held that she had no jurisdiction. The district court recognized that "[a]lthough the Arbitrator held subsequent proceedings regarding Hosie Rice's payment" of expert fees, the Arbitrator "repeatedly expressed doubts" over her jurisdiction of the matter. *Space Data Corp. v. Hosie Rice LLP*, No. 20-cv-08256-JSW, 2021 WL 2328391, at *5 (N.D. Cal. May 5, 2021). And nothing in the record otherwise suggests that the

2

Arbitrator disagreed with Judicial Arbitration and Mediation Services' ("JAMS'") determination on August 14, 2020, that the Arbitrator's jurisdiction ended upon rendering the Final Award. *Id.* at *6.

Space Data points to the Arbitrator's May 26 order as her asserting "broad authority" to consider post-Final Award issues. But simply considering these issues is different from a continued assertion of jurisdiction over the matter. The July 10 hearing confirms this because, there, the Arbitrator was still unsure as to whether she had jurisdiction to order post-Final Award sanctions. Thus, in view of the totality of the evidence, the district court's finding that the Arbitrator held that she had no jurisdiction was not clear error.

Next, the district court did not err in denying Space Data's petition to vacate the Final Award. The Arbitrator did not exceed her power in holding that she lacked jurisdiction because this holding did not make the Final Award completely irrational or in manifest disregard of the law. Furthermore, Space Data has failed to meet its heavy burden to show that the Final Award rendered on February 18 was not "mutual, final, and definite award upon the subject matter submitted." 9 U.S.C. § 10(a)(4).

**AFFIRMED.**